UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

SHAUN MAY,

                                  Plaintiff,

      -against-

CITY OF NEW YORK, GLENN WALLACE, Individually,
THOMAS DEAN, Individually, DONALD KUNST, Individually,
and JOHN and JANE DOE 1 through 10, Individually, (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

                                  Defendants.

------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

16 CV 0371
(ENV) (PK)

<u>Jury Trial Demanded</u>

      Plaintiff SHAUN MAY, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

      1.      Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

      2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.      Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

### VENUE

      4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff SHAUN MAY is a thirty-year-old African American man residing in Brooklyn, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants GLENN WALLACE, THOMAS DEAN, DONALD KUNST, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12. On March 18, 2015, at approximately 2:45 p.m., plaintiff SHAUN MAY was lawfully operating his motor vehicle on Sutter Avenue, in the vicinity of Legion Street, Brooklyn, New York, when he was without justification pulled over by a NYPD police van occupied by defendant police officers GLENN WALLACE, THOMAS DEAN, and sergeant DONALD KUNST.

13. Upon pulling plaintiff over, DONALD KUNST, GLENN WALLACE and THOMAS DEAN approached plaintiff's vehicle.

14. Although plaintiff had committed no crime or infraction, and was not engaged in any threatening or unlawful behavior, GLENN WALLACE and THOMAS DEAN participated in forcibly and unreasonably removing plaintiff from his vehicle, throwing him to the ground, and dragging plaintiff to the rear of his vehicle.

15. Defendant officers JOHN DOE 4 and JOHN DOE 5 thereafter arrived at the vehicle stop.

16. Defendant JOHN DOE 4 slammed plaintiff's head into the trunk of plaintiff's vehicle.

17. Plaintiff was then handcuffed and imprisoned in the police van DONALD KUNST, GLENN WALLACE and THOMAS DEAN had exited, despite the fact that he had committed no crimes or offenses.

18. Thereafter, defendant officers GLENN WALLACE, DONALD KUNST, and JOHN DOE 4, unlawfully searched plaintiff's vehicle.

19. Plaintiff was then transported to the 73rd Police Precinct by defendants, believed to

be THOMAS DEAN and DONALD KUNST, and imprisoned therein.

20. Plaintiff was held until approximately 5:00 p.m., at which point he was released with a summons falsely charging him with committing disorderly conduct for purportedly calling the defendant police officers fucking idiots, and with a traffic ticket falsely claiming that plaintiff was operating his motor vehicle with an object hung upon his vehicle in such a way as to obstruct or interfere with his view. These claims were false and manufactured.

21. GLENN WALLACE swore out and issued said summons and traffic ticket with malice, and otherwise caused said process to be issued for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid being disciplined for above mentioned abuses of authority.

22. The defendant police officers conspired to create and manufacture false evidence which was utilized in a legal proceeding via the issuance of the summons and ticket by defendant GLENN WALLACE.

23. As a result of the defendants' conduct, plaintiff was compelled to appear in Kings County Criminal Court on May 26, 2015, on which date the false charges filed against him were adjourned in contemplation of dismissal. They have since been dismissed and sealed. Plaintiff also appeared at the Department of Motor Vehicles Traffic Violation Bureau Hearing Offices, located at Atlantic Center Mall, 625 Atlantic Avenue, Brooklyn, New York on or about March of 2016, at which time the false traffic ticket issued against him was also dismissed.

24. As a result of being placed in over tight handcuffs, plaintiff sustained pain to both wrists, with swelling to his left wrist and thumb, as well as ongoing numbness.

25. Defendant DONALD KUNST supervised defendants GLENN WALLACE, THOMAS DEAN, and JOHN and/or JANE DOE 1 through 10 and approved of, oversaw, and

otherwise presided over the defendants' use of force and arrest of plaintiff.

26. Defendants GLENN WALLACE, THOMAS DEAN, DONALD KUNST, and JOHN and/or JANE DOE 1 through 10 participated in and/or failed to intervene in the illegal conduct described herein.

27. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals, employing excessive force, of engaging in falsification, of lax investigations of police misconduct, and of covering up abuse by fellow officers.

28. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, engage in a practice of falsification, and engage in cover ups of police abuse.

29. For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

30. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to

5

violate the plaintiffs' civil rights.

31. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

32. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiff SHAUN MAY of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

36. As a result of the foregoing, plaintiff SHAUN MAY sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

37.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.     Defendants arrested plaintiff SHAUN MAY without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

39.     Defendants caused plaintiff SHAUN MAY to be falsely arrested and unlawfully imprisoned.

40.     As a result of the foregoing, plaintiff SHAUN MAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

41.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff SHAUN MAY'S constitutional rights.

43.     As a result of the aforementioned conduct of defendants, plaintiff SHAUN MAY was subjected to excessive force and sustained serious physical injuries and emotional distress.

44.     As a result of the foregoing, plaintiff SHAUN MAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants created false evidence against plaintiff SHAUN MAY.

47. Defendants utilized this false evidence against plaintiff SHAUN MAY in legal proceedings.

48. As a result of defendants' creation and use of false evidence, plaintiff SHAUN MAY suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

49. As a result of the foregoing, plaintiff SHAUN MAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants issued criminal process against plaintiff SHAUN MAY by causing his arrest and prosecution in Kings County Summons Court.

52. Defendants caused plaintiff SHAUN MAY to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their abuses of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

53. As a result of the foregoing, plaintiff SHAUN MAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants had an affirmative duty to intervene on behalf of plaintiff SHAUN MAY, whose constitutional rights were being violated in their presence by other officers.

56. The defendants failed to intervene to prevent the unlawful conduct described herein.

57. As a result of the foregoing, plaintiff SHAUN MAY'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

58. As a result of the foregoing, plaintiff SHAUN MAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

59. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. The supervisory defendants personally caused plaintiff's constitutional injury by

being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

61. As a result of the foregoing, plaintiff SHAUN MAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

64. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, subjecting individuals to excessive force, arresting citizens without probable cause, and then committing perjury and/or manufacturing evidence in an effort to convict such individuals.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff SHAUN MAY'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

65. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff SHAUN MAY.

66. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff SHAUN MAY as alleged herein.

67. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff SHAUN MAY as alleged herein.

68. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff SHAUN MAY was unlawfully arrested and maliciously prosecuted.

69. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff SHAUN MAY'S constitutional rights.

70. All of the foregoing acts by defendants deprived plaintiff SHAUN MAY of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from the failure to intervene;

    D. To be free from deprivation of his right to fair trial;

    E. To be free from malicious abuse of process; and

    F. To be free from supervisory liability.

71. As a result of the foregoing, plaintiff SHAUN MAY is entitled to compensatory

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff SHAUN MAY demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individual defendants in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: New York, New York
       August 10, 2016

> BRETT H. KLEIN, ESQ., PLLC
> Attorneys for Plaintiff SHAUN MAY
> 305 Broadway, Suite 600
> New York, New York 10007
> (212) 335-0132
>
> By:   /s/ Brett Klein
>       BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

SHAUN MAY,

                              Plaintiff,

                                                                               16 CV 0371
          -against-                                                       (ENV) (PK)

CITY OF NEW YORK, GLENN WALLACE, Individually,
THOMAS DEAN, Individually, DONALD KUNST, Individually,
and JOHN and JANE DOE 1 through 10, Individually, (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

                              Defendants.

--------------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132