UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x

SHAUN MAY,

                                       Plaintiff,

-against-

CITY OF NEW YORK GLENN WALLACE, Individually,
THOMAS DEAN, Individually, DONALD KUNST,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious, as
the true names are presently unknown),

                                       Defendants.

------------------------------------------------------------------------------- x

**DEFENDANT CITY OF NEW YORK'S ANSWER TO THE AMENDED COMPLAINT**

16-CV-0371 (ENV) (PK)

**JURY TRIAL DEMANDED**

       Defendant City of New York, by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for its answer to the Amended Complaint, respectfully alleges, upon information and belief, as follows:

       1.     Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

       2.     Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

       3.     Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

       4.     Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiff purports to base venue as stated therein.

       5.     States that paragraph "5" of the Complaint contains a demand for a trial by jury, and thus, no response is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Admits the allegations set forth in paragraph "7" of the Complaint insofar as the City of New York is a municipal corporation organized under the laws of the State of New York.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that the City of New York maintains the New York City Police Department ("NYPD") and respectfully refers the Court to the New York City Charter and Administrative Code for an accurate recitation of the relationship between the City of New York and the NYPD.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, except admits that Glenn Wallace, Thomas Dean, and Donald Kunst were employed as members of the NYPD on or about March 18, 2015, and that plaintiff purports to proceed against the officers as stated therein.

10. Paragraph "10" sets forth conclusions of law, therefore no response is warranted.

11. Denies the allegations set forth in paragraph "11" of the Complaint.

12. Denies the allegations set forth in paragraph "12" of the Complaint, except admits that plaintiff was pulled over by NYPD officers while driving in the vicinity of Sutter Avenue and Legion Street on or about March 18, 2015 at or about 3:20 p.m.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Denies the allegations set forth in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Denies the allegations set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint, except admits that plaintiff was arrested.

18. Denies the allegations set forth in paragraph "18" of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint, except admits that plaintiff was transported to the 73rd Precinct.

20. Denies the allegations set forth in paragraph "20" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what time plaintiff was released from the 73rd Precinct, and admits that plaintiff was given summonses for disorderly conduct and driving with an obstructed windshield.

21. Denies the allegations set forth in paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of the Complaint.

23. Denies the allegations set forth in paragraph "23" of the Complaint, except admits that plaintiff accepted an adjournment in contemplation of dismissal on or about May 26, 2015, and that the charge was dismissed and sealed by operation of law.

24. Denies the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. Denies the allegations set forth in paragraph "26" of the Complaint.

27. Denies the allegations set forth in paragraph "27" of the Complaint.

28. Denies the allegations set forth in paragraph "28" of the Complaint

29. Denies the allegations set forth in paragraph "29" of the Complaint, and respectfully states that the matter cited therein has no bearing on the instant action.

30. Denies the allegations set forth in paragraph "30" of the Complaint.

31. Denies the allegations set forth in paragraph "31" of the Complaint.

32. Denies the allegations set forth in paragraph "32" of the Complaint.

33. Denies the allegations set forth in paragraph "33" of the Complaint.

34. Denies the allegations set forth in paragraph "34" of the Complaint.

35. Denies the allegations set forth in paragraph "35" of the Complaint.

36. Denies the allegations set forth in paragraph "36" of the Complaint.

37. In response to the allegations set forth in paragraph "37" of the Complaint, Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

38. Denies the allegations set forth in paragraph "38" of the Complaint.

39. Denies the allegations set forth in paragraph "39" of the Complaint.

40. Denies the allegations set forth in paragraph "40" of the Complaint.

41. In response to the allegations set forth in paragraph "41" of the Complaint, Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

42. Denies the allegations set forth in paragraph "42" of the Complaint.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

44. Denies the allegations set forth in paragraph "44" of the Complaint.

45. In response to the allegations set forth in paragraph "45" of the Complaint, Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

46. Denies the allegations set forth in paragraph "46" of the Complaint.

47. Denies the allegations set forth in paragraph "47" of the Complaint.

48. Denies the allegations set forth in paragraph "48" of the Complaint.

49. Denies the allegations set forth in paragraph "49" of the Complaint.

50. In response to the allegations set forth in paragraph "50" of the Complaint, Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

51. Denies the allegations set forth in paragraph "51" of the Complaint.

52. Denies the allegations set forth in paragraph "52" of the Complaint.

53. Denies the allegations set forth in paragraph "53" of the Complaint.

54. In response to the allegations set forth in paragraph "54" of the Complaint, Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

55. Denies the allegations set forth in paragraph "55" of the Complaint.

56. Denies the allegations set forth in paragraph "56" of the Complaint.

57. Denies the allegations set forth in paragraph "57" of the Complaint.

58. Denies the allegations set forth in paragraph "58" of the Complaint.

59. In response to the allegations set forth in paragraph "59" of the Complaint, Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

60. Denies the allegations set forth in paragraph "60" of the Complaint.

61. Denies the allegations set forth in paragraph "61" of the Complaint.

62. In response to the allegations set forth in paragraph "62" of the Complaint, Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

63. Denies the allegations set forth in paragraph "63" of the Complaint.

64. Denies the allegations set forth in paragraph "64" of the Complaint.

65. Denies the allegations set forth in paragraph "65" of the Complaint.

66. Denies the allegations set forth in paragraph "66" of the Complaint.

67. Denies the allegations set forth in paragraph "67" of the Complaint.

68. Denies the allegations set forth in paragraph "68" of the Complaint.

69. Denies the allegations set forth in paragraph "69" of the Complaint.

70. Denies the allegations set forth in paragraph "70" of the Complaint, including its subparts.

71. Denies the allegations set forth in paragraph "71" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

72. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

73. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

74. At all times relevant to the incident, Defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, Defendant City of New York is entitled to governmental immunity.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

75. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening culpable and/or negligent conduct of others, non-parties or third parties for whom defendant City of New York is not responsible, and was not the proximate result of any act of defendant.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

76. Any search of plaintiff or his vehicle was privileged.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

77. There was probable cause for plaintiff's stop, arrest, detention, and prosecution.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

78. There was reasonable suspicion for plaintiff's stop.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

79. Any force used on plaintiff was objectively reasonable under the circumstances.

**WHEREFORE**, Defendant City of New York requests judgment dismissing the Complaint, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: August 26, 2016

        ZACHARY W. CARTER
        Corporation Counsel
        of the City of New York
        *Attorney for Defendant City of New York*
        100 Church Street
        New York, New York 10007
        (212) 356-2369

        By: \_\_\_/S_____
            Aimee K. Lulich
            Senior Counsel
            Special Federal Litigation Division

**cc:** Brett H. Klein, Esq. (By ECF)
     305 Broadway, Suite 600
     New York, New York 10007

16-CV-0371 (ENV) (PK)

| |
|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |

SHAUN MAY,

                                                               Plaintiff,

-against-

CITY OF NEW YORK GLENN WALLACE, Individually, THOMAS DEAN, Individually, DONALD KUNST, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                                                 Defendants.

**DEFENDANT CITY OF NEW YORK'S ANSWER TO THE AMENDED COMPLAINT**

### ZACHARY W. CARTER

Corporation Counsel of the City of New York
*Attorney for Defendant City of New York*

100 Church Street Rm 3-210
New York, N.Y. 10007

Of Counsel: Aimee Lulich
Tel: (212) 356-2369
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. .................................. , 2016 . . .*

*.................................................................. Esq.*

*Attorney for ..........................................................*